```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
KEVIN KLINE                         :
                                    :   No. 2:25-cv-6563
     v.                             :
                                    :   JURY TRIAL DEMANDED
SYSTEM 22, INC.                     :
```

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, Kevin Kline, by counsel, complains of Defendant, System 22, Inc., as follows:

JURISDICTION

1.   This Court has jurisdiction over this matter pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12111 et seq. (hereinafter "ADA").  This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC issued on November 19, 2025.

2.   Venue in the Eastern District of Pennsylvania is appropriate by virtue of the fact that Defendant place of business and employed Plaintiff is located in Montgomery County, which is located in this Judicial District.

PARTIES

3.   Plaintiff, Kevin Kline, is an adult individual who resides at 2188 Swamp Pike, Gilbertsville, PA 19525.

4. Defendant, System 22, Inc., is a corporation with a place of business located at 441 County Line Road, Gilbertsville, PA 19525, which is located in Montgomery County, PA, which is in this Judicial District.

5. At all times material hereto, Defendant employed more than 15 people.

6. On or about February 27, 2023, Plaintiff commenced employment with defendant as a Shipping Clerk.

7. Plaintiff's performance was always excellent, and he was a highly regarded member of the team.

8. In about July 2025, Plaintiff's wife suddenly began to suffer from dementia and other illnesses which are disabilities pursuant to the Americans with Disabilities Act (hereinafter "ADA").

9. Dementia, in particular, is a disability pursuant to the ADA because it affects at least one major life activity, including but not limited to, the ability to reason, communicate and speak.

10. Because Plaintiff's wife was in and out of two hospitals over the next two months and started living in nursing homes in September 2025, it was sometimes necessary for Plaintiff to get on the phone while at work for Defendant to assist his wife in communicating with her healthcare providers,

and he sometime had to take short breaks from work to accompany his wife to doctor's appointments.

11. At all times material hereto, Plaintiff informed Defendant's owner, Dan Taylor, about his wife's dementia and her need to stay in a nursing home.

12. Mr. Taylor appeared to be supportive at first, and never expressed any concern about Plaintiff's obligations to his disabled wife.

13. On September 25, 2025, Mr. Taylor suddenly and without warning told Plaintiff that he was being terminated purportedly because he was making "too many mistakes," and his "work ethic" was purportedly "slipping," and these issues were being caused because Plaintiff was being distracted by his obligations to his wife.

14. Both of these beliefs held by Mr. Taylor were absolutely untrue.

15. Plaintiff's work ethic remained unchanged and if he made any mistakes during his last weeks of work, he made less mistakes than similarly situated employees of Defendant during the same time period who were not associated with persons with disabilities.

16. In fact, Plaintiff's job performance remained at the same level it had been during his previous 2-1/2+ years of employment with Defendant.

17. The true reason why Plaintiff was terminated was due to his association with a person with a disability—e.g., his wife.

18. Plaintiff was wrongly perceived as having a decreased work ethic and being susceptible to making increased mistakes simply because of his association with a person who suffered from a disability.

19. Defendant and its decision maker(s) demonstrated discriminatory animus towards Plaintiff because he was required to care for a disabled person outside the workplace.

20. Defendant's actions clearly violated the ADA.  See *Pollere v. USIG Pa., Inc.*, 136 F. Supp. 3d 680, 684-686 (E.D.Pa. December 18, 2015).

21. Defendant and its agent(s) acted at all times material hereto and acted with their authority to hire, fire and discipline.

22. Defendant and its agents undertook a course of conduct toward Plaintiff and terminated Plaintiff because of his association with a disabled person.

23. Defendant's agents acted against Plaintiff in a bigoted, willful and malicious manner.

24. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of the termination of his employment.

25. Defendant unlawfully terminated Plaintiff's employment in violation of the ADA.

26. Plaintiff seeks lost pay, benefits, lost future pay, compensatory damages for pain and suffering, punitive damages, attorneys' fees and costs.

## COUNT 1– ADA

27. Plaintiff repeats paragraphs 1-26 as if more fully set forth herein.

28. By and through its conduct, defendant violated the ADA by intentionally discriminating against plaintiff and by terminating him because of his association with a person who suffered from a disability.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages,

attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

                                              /s/ Samuel A. Dion
                                              _____
                                              Samuel A. Dion, Esq.
                                              Dion & Goldberger
                                              1845 Walnut Street
                                              Suite 1199
                                              Philadelphia, PA 19103
                                              215-546-6033
                                              Fax: 215-546-6269
Date:  November 20, 2025     Attorney for Plaintiff